LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
ALMONIO SHIPPING CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BULK MATERIALS INTERNATIONAL CO.,

         Plaintiff,    **ECF CASE**

   - against -        07 Civ. 9748(CM)

M/V SMARTY, her engines, boilers,   **ANSWER TO**
*etc.* and ALMONIO SHIPPING CO. LTD.,  **VERIFIED COMPLAINT**

        Defendant.
------------------------------------------------------------------X

  Defendant ALMONIO SHIPPING CO. LTD. ("ALMONIO"), by their attorneys Lyons & Flood, LLP, for their Answer to Plaintiff's Verified Complaint alleges, upon information and belief, as follows:

  1.  Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) with respect to the carriage of the subject cargo by sea, but except as so specifically admitted herein, denies the remaining allegations of paragraph ONE of the Verified Complaint.

  2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph TWO of the Verified Complaint.

  3.  Admits that defendant ALMONIO is a corporation organized and existing under and by the virtue of foreign law and that at all material times defendant ALMONIO

was the owner of the M/V SMARTY (the "Vessel"), but except as so specifically admitted herein, denies the remaining allegations of paragraph THREE of the Verified Complaint.

4.  Admits that the M/V SMARTY was a ship employed in the carriage of merchandise by water for hire, but except as so specifically admitted herein, denies the remaining allegations of paragraph FOUR of the Verified Complaint.

5.  Admits that a cargo of Bauxite in Bulk (the "Cargo") was loaded aboard the Vessel on or about January 17, 2007, in Linden, Guyana for shipment to Palm Beach, Florida and that Omai Bauxite Mining, Inc., was listed as the shipper and that Bulk Materials International Co., was listed as the consignee of the said Cargo, but except as so specifically admitted herein, denies the remaining allegations in paragraph FIVE of the Verified Complaint

6.  Admits that the Vessel delivered the Cargo in Palm Beach, Florida, but except as so specifically admitted herein, denies the remaining allegations in paragraph SIX of the Verified Complaint.

7.  Admits that Plaintiff was listed as the consignee of the Cargo, but except as so specifically admitted herein, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph SEVEN of the Verified Complaint.

8.  Admits that Plaintiff seeks damages in the amount of $93,479.60, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph EIGHT of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

9.   The action should be dismissed for insufficient service of process.

## SECOND AFFIRMATIVE DEFENSE

10.   The Court lacks jurisdiction over defendant ALMONIO *in personam*

## THIRD AFFIRMATIVE DEFENSE

11.   The sub-charter party requires all claims arising out of the voyage to be arbitrated in New York and the head charter party requires that all claims be arbitrated in London. Thus, the action should be dismissed based on the arbitration clauses contained in the relevant charter parties, and the claim should be arbitrated in accordance with the parties intentions.

## FOURTH AFFIRMATIVE DEFENSE

12.   The shipment which is the subject of this suit was carried pursuant to the terms and conditions of certain charter parties, which call for the incorporation of the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and the Defendant claims the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

## FIFTH AFFIRMATIVE DEFENSE

13.   Due diligence was exercised on the part of defendant ALMONIO to make the Vessel and her appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage, and preservation.

**SIXTH AFFIRMATIVE DEFENSE**

14. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which Defendant are not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

**SEVENTH AFFIRMATIVE DEFENSE**

15. The maximum liability of Defendant, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

**EIGHTH AFFIRMATIVE DEFENSE**

16. If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port and discharge port.

**NINTH AFFIRMATIVE DEFENSE**

17. If plaintiff's cargo sustained any loss or damage, which Defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

**TENTH AFFIRMATIVE DEFENSE**

18. If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and Defendant

are not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### ELEVENTH AFFIRMATIVE DEFENSE

19.     Plaintiff has failed to reasonably mitigate its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

20.     Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

WHEREFORE, defendant ALMONIO SHIPPING CO. LTD., respectively requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: January 18, 2007
       New York, New York

                                        LYONS & FLOOD, LLP
                                        Attorneys for Defendant
                                        ALMONIO SHIPPING CO. LTD.,

                                By:     _____
                                        Edward P. Flood (EP-5797)
                                        65 West 36th Street, 7th Floor
                                        New York, New York 10018
                                        (212) 594-2400

cc. Nicoletti Hornig & Sweeney
   Attorneys for the Plaintiff
   Wall Street Plaza
   88 Pine Street
   New York, New York 10005-1801

U:\kmhldocs\2600029\Pleadings\Answer.doc